UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES R. LIVECCHI, SR.,

                                    Appellant,

                                                      DECISION AND ORDER

                                                      13-CV-6236L

                                  v.

KENNETH W. GORDON,
Chapter 7 Trustee,

                                    Appellee.
_____

The appellant debtor, appearing *pro se*, appeals from an order by the Bankruptcy Court (Warren, J.) dated March 4, 2013, which approved and ordered payment of commissions and expenses to a Chapter 7 Trustee. (Dkt. #1-9).

On March 15, 2013, appellant filed a notice of appeal with the Bankruptcy Court, which was docketed in this Court on May 8, 2013 (Dkt. #1-7). On May 14, 2013, this Court issued a scheduling order directing appellant to file and serve his brief within twenty days, on or before June 3, 2012 (Dkt. #2).

Despite the passage of over five months, appellant has not filed a brief or obtained an extension of time to do so.

It is well settled that federal courts are vested with the authority to dismiss a bankruptcy appellant's claims for failure to prosecute, *sua sponte*. *See e.g.*, *Bristol v. Ackerman*, 2010 U.S. Dist. LEXIS 27647 (E.D.N.Y. 2010); *Babcock v. Philp*, 2008 U.S. Dist. LEXIS 88329 (E.D.N.Y. 2008). Failure to file a timely brief has been held to be inexcusable, where the appellant provides no explanation for the failure after several months. *See e.g.*, *Balaber-Strauss v. Reichard*, 835 F.2d 54, 55 (2d Cir. 1987); *Bristol*, 2010 U.S. Dist. LEXIS 27647 at *6; *Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435, 438 (S.D.N.Y. 1989).

Appellant here has failed to file a brief despite the fact that it is now five months overdue, and has not provided the Court with any explanation for his delay. I find this failure to be inexcusable under the circumstances, notwithstanding plaintiff's *pro se* status. *See Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (*pro se* plaintiffs are required to inform themselves of relevant procedural rules, and to comply with them). Appellant was clearly on notice of the need to comply with the applicable procedural rules and filing deadlines, having been provided with adequate notice of those requirements in this Court's scheduling order. (Dkt. #2). Appellant was also aware of the consequences of failing to comply with the applicable deadlines for filing briefs, having had prior bankruptcy actions dismissed for the same failure. *See e.g.*, *Livecchi v. Gordon*, 10-CV-6615 at Dkt. #2 (November 18, 2010 order of Hon. Charles Siragusa, warning Livecchi to correct his failure to timely perfect the appeal within ten days or else the matter would be dismissed) and Dkt. #3 (December 20, 2010 letter order of Hon. Charles Siragusa, directing that the matter be dismissed due to Livecchi's "multiple failures . . . to properly present [his] appeal, despite detailed guidance from the Bankruptcy Court and this Court"). *See also Livecchi v. Gordon*, 11-CV-6227 at Dkt. #5 (April 12, 2012 order of this Court, dismissing a prior bankruptcy appeal by Livecchi for failure to file a brief more than eleven months after it was due).

The Court has considered whether lesser sanctions would be appropriate, and concludes that given the length of the appellant's delay and his apparent unwillingness to continue prosecution of the instant appeal, his conduct is willful and dismissal is warranted.[1]

The Court need not reach the merits of the pending appeal, as this action is subject to dismissal for failure to prosecute. Nonetheless, the Court has reviewed the order appealed-from, and finds no basis on the merits to disturb it.

---

[1] Although appellant has engaged in filings within the last year, they were unrelated to his obligations to file a brief. Instead, appellant moved, twice, for recusal of the judge. (Dkt. #3, #5). Those motions were denied as meritless. (Dkt. #4, #6).

Accordingly, the instant appeal is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 7, 2013.